Dear Ms. Monic:
You ask this office to advise whether an individual may serve as a member of the Louisiana State Board of Examiners of Psychologists (hereafter, "the Psychology Board") while also serving as a member of the Medical Psychology Advisory Committee to the Louisiana State Board of Medical Examiners (hereafter, "the Medical Psychology Committee"). You relate the following facts and law which prompt your inquiry.
Act 251 of the 2009 Louisiana Regular Legislative Session transfers the regulation of Medical Psychologists from the Psychology Board to the Louisiana State Board of Medical Examiners. Act 251 also enacts La.R.S. 37:1360.55, which provides that on or before January 1, 2010, any Medical Psychologist shall be issued a medical psychology license by the Louisiana State Board of Medical Examiners upon satisfaction of all criteria, including holding "a current and unrestricted license in good standing to practice psychology issued by the Louisiana State Board of Medical Examiners of Psychologists," and after January 1, 2010, the Louisiana State Board of Medical Examiners shall issue a medical psychology license to applicants who submit an application and furnish evidence to the Louisiana State Board of Medical Examiners that they meet all criteria including holding "a current and unrestricted license in good standing to practice psychology issued by the Louisiana State Board of Examiners of Psychologists."
You ask: Is there a potential for conflict where thePsychology Board licenses or disciplines psychologists who may laterapply to Louisiana State Board of Medical Examiners for licensure asa Medical Psychologist, *Page 2 and the Medical Psychology Committee must review the applicantfor recommendation to the Louisiana State Board of MedicalExaminers?
Additionally, you state that the Psychology Board and the Louisiana State Board of Medical Examiners (under the advisement of the Medical Psychology Committee) will be involved in policy making and promulgating new rules to effectuate the requirements established by Act 251. The practice of Medical Psychology is defined under the newly promulgated La.R.S. 37:1360.52(7) and "includes those practices defined in La.R.S. 37:2352(5)," which is the definition of the practice of psychology also regulated by the Psychology Board.
You ask: Is there a potential for conflict where the decisionsof the Psychology Board regarding rule making may conflict withrecommendations of the Medical Psychology Committee regardingthat portion of a Medical Psychologists practice, which ispsychology?
We first note that, pursuant to La.R.S. 37:2353(A), the Psychology Board is a state board "created within the Department of Health and Hospitals . . ." The board consists of five members appointed by the governor. See La.R.S. 37:2353(A). Further, the Medical Psychology Committee is a five member advisory committee to the Louisiana State Board of Medical Examiners, created pursuant to La.R.S. 37:1360.63(A). The members of the Medical Psychology Committee are appointed by the Louisiana State Board of Medical Examiners. See La.R.S. 37:1360.63(B).
We advise that an individual holding a position on either the Psychology Board or the Medical Psychology Committee is considered to hold "public office" as defined by La.R.S. 42:1:
 § 1. Public office defined
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
 "Public officer" is any person holding a public office in this state.
This office routinely reviews circumstances invoking application of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., which governs the holding of certain combinations of public offices and employments. At this juncture, we would typically begin an analysis of the law to determine if *Page 3 
any prohibitions contained therein would prevent the simultaneous holding of the positions concerned.
However, the more general provisions of the dual officeholding laws are here superseded by the specific provisions of law relative to the Psychology Board. La.R.S. 37:2353(5) pertains to the membership of the Psychology Board and provides:
 (5) Membership on the board of a public employee or official shall not constitute dual office holding within the meaning of R.S. 42:61 et seq.
La.R.S. 37:2353(5) negates any discussion concerning the dual officeholding provisions relative to a person serving as a member of the Medical Psychology Committee and as a member of the Psychology Board. In other words, La.R.S. 37:2353(5) renders the dual officeholding laws inapplicable in this matter.
When this office receives questions about the legality of holding two or more positions of public office or public employment, our opinion is limited to an examination of the dual officeholding laws, La.R.S. 42:61, et seq. These laws do not generally address conflicts of interest or other ethical issues which may be present in the instant matter. Rather, the propriety of a public board member's conduct is governed by the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, ef seq. The Louisiana State Board of Ethics issues opinions concerning the Ethics Code; you may wish to contact the Board of Ethics at P.O. Box 4368, Baton Rouge, LA 70821, telephone: (225) 219-5600, for an advisory opinion addressing your concerns.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ KERRY L. KILPATRICK Assistant Attorney General
 KLK:arg